IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

CHRISTINE PORTER,

|                             |                |
|-----------------------------|----------------|
| Plaintiff,                  | ORDER          |
| v.                          | 12-cv-119-bbc  |

UNITED STATES OF AMERICA and
SEROQUEL ASTRAZENECAUS,

Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

CHRISTINE PORTER,

|                             |                |
|-----------------------------|----------------|
| Plaintiff,                  | ORDER          |
| v.                          | 12-cv-191-bbc  |

IVAX PHARMACEUTICAL,

Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

CHRISTINE PORTER,

|                             |                |
|-----------------------------|----------------|
| Plaintiff,                  | ORDER          |
| v.                          | 12-cv-224-bbc  |

WALGREENS CO. and LUPIN PHARMACEUTICAL,

Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

CHRISTINE PORTER,

                              Plaintiff,                          ORDER

      v.

ADVIAR, BOEHRINGER INGEL HEIM,            12-cv-276-bbc
FLOVENT, SINGULAIR MSD,
WARRICK BACHERING, XOPENX,
N.H. BOARD MEDICAL PRACTICE and
VT. MEDICAL BOARD PRACTICE,

                              Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

CHRISTINE PORTER,

                              Plaintiff,                          ORDER

      v.

JUDGE CRABB and FLOWVENT,               12-cv-277-bbc

                              Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

CHRISTINE PORTER,

                              Plaintiff,                          ORDER

      v.

US ATTORNEY GENERAL,                     12-cv-278-bbc

                              Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

CHRISTINE PORTER,

                              Plaintiff,                          ORDER

      v.                                              12-cv-308-bbc

WISCONSIN STATE MEDICAL BOARD,

2

Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

CHRISTINE PORTER,

                Plaintiff,                              ORDER

      v.

                                           12-cv-309-bbc

JAMES GOODSETT, PAUL HICKS,
PHILIP KURLEY, GUPTA PANKHA,
ROD PETERSON, DR. ROWE,
JAMES SEHLOFF and L. WILLIAMS,

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

CHRISTINE PORTER,

                Plaintiff,                              ORDER

      v.

                                           12-cv-310-bbc

FLOWVENT,

                Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

CHRISTINE PORTER,

                Plaintiff,                              ORDER

      v.

                                           12-cv-315-bbc

SOCIAL SECURITY,

                Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

CHRISTINE PORTER,

                Plaintiff,                              ORDER

      v.

                                           12-cv-316-bbc

JUDGE URBAN,

                Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

3

CHRISTINE PORTER,
                        Plaintiff,                                    ORDER
        v.
                                                                     12-cv-317-bbc
DR. JANJOUR, DR. KINCK,
DR. L. WILLIAMS, DR. WILK and
DR. BEDEKAR,
                        Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

I have previously dismissed three cases brought by plaintiff Christine Porter (case nos. 08-cv-635-bbc, 11-cv-119-bbc and 11-cv-823-bbc), because her allegations that she had suffered adverse reactions to various medications set forth medical malpractice claims that belonged in state court, and her other allegations were too vague to satisfy Fed. R. Civ. P. 8. Over the last few months, plaintiff has filed 12 new cases, most of which seem to pertain to the same issues as her previous cases, but concern new defendants. Plaintiff has been allowed to proceed in these cases without prepaying the $350 filing fee for each case. Plaintiff also has filed a motion for my recusal. After considering plaintiff's submissions, I will recuse myself from considering her claim against me, but deny her motion for recusal regarding the remainder of her cases. I will dismiss each of the above-captioned cases without prejudice and restrict plaintiff from initiating new cases without the court's approval.

4

MOTION FOR RECUSAL

Before addressing plaintiff's medical claims, I need to address two of plaintiff's submissions.  She has named me as a defendant in case no. 12-cv-277-bbc, stating that I have committed legal malpractice (presumably by ruling against her in her previous cases).  Also, in case no. 12-cv-119-bbc, she has filed a motion asking for that case to be heard by Magistrate Judge Crocker rather than me, stating that I "must be sanctioned."  I interpret this motion as applying to that case, as well as to all of the cases she has filed after she made the motion.

Plaintiff's motion raises the question whether I should recuse myself from hearing these cases, either because of "personal bias or prejudice" under 28 U.S.C. § 144 or because my "impartiality might reasonably be questioned" under 18 U.S.C. § 455(a).  The two phrases mirror each other, so they may be considered together.  Brokaw v. Mercer County, 235 F.3d 1000, 1025 (7th Cir. 2000).  Recusal is required when a "'reasonable person perceives a significant risk that the judge will resolve the case on a basis other than the merits.'"  Id. (quoting In re Mason, 916 F.2d 384, 385 (7th Cir. 1990)).

The only reasons plaintiff could have for my disqualification are that I dismissed her previous cases and am named as a defendant in one of her present cases.  However, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion."  Liteky v. United States, 510 U.S. 540, 555 (1994).  Nor am I required to recuse myself from all

5

litigation involving plaintiff because she has named me as a defendant in one of her complaints.  In re Taylor, 417 F.3d 649, 652 (7th Cir. 2005) (recusal "is not automatic because suits against public officials are common and a judge would likely not harbor bias against someone simply because the person named [her] in a meritless civil suit") (citing Lyons v. Sheetz, 834 F.2d 493, 495, n.1 (5th Cir. 1987); United States v. Balistrieri, 779 F.2d 1191, 1202 (7th Cir. 1985)).  Therefore, I conclude that there is no reason to disqualify myself from hearing plaintiff's cases, with one exception.

The exception is case no. 12-cv-277-bbc, in which I have been named as a defendant. I will recuse myself from considering plaintiff's claim against me, but not the entire case. Plaintiff seems to raise two claims in that case, one against me and one against defendant Flowvent (which is either the name of a medication plaintiff has taken or the name of its manufacturer).  Because these claims are not related to one another and are against different defendants, they cannot be brought together in one lawsuit under Fed. R. Civ. P. 18 and 20. Accordingly, I will sever plaintiff's claim against me into a new case that will be reassigned to Chief Judge William Conley.  I will retain plaintiff's claim against Flowvent.


PLAINTIFF'S CLAIMS

Turning to the substance of plaintiff's claims, I note that most of her 12 pending complaints seem to relate to the medical malpractice claims she attempted to bring in her

6

previous cases.  I understand plaintiff to be alleging that she suffered brain injuries, seizures and lung damage from prescription drugs and she is attempting to being claims against dozens of defendants, including her prescribing doctors, pharmacists, drug manufacturers and the Wisconsin Medical Examining Board.  Unfortunately, plaintiff's allegations suffer from the same problems that I noted in her earlier cases.  One problem is that her allegations are extremely brief and vague.  For instance, in her complaint in case no. 12-cv-276-bbc, plaintiff alleges as follows:

> "I was given some medication from Dr. New Commer State Medical Board dismissed it regarding his concern with my lungs. . . . I Christine Porter received lung damage due to a Dr. Jeffery New Commer Cheiser Medical Center Keen NY.  For giving me Flow Vent . . .

As another example, in case no. 12-cv-309-bbc, plaintiff alleges, "Toxic tort claim head traumatic brain injury.  When they prescribed drugs lungs damage."

Many of plaintiff's allegations are too skimpy to state claims for relief that are plausible on their face.  Fed. R. Civ. P. 8; see also Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.")  To the extent plaintiff's multiple complaints about her medications state any possible claims, they seem to be state-law medical malpractice or other negligence claims, rather than any federal claims.  (The Federal Food, Drug and Cosmetics Act does not create

a private right of action.  21 U.S.C. § 337(a) (restricting Food, Drug and Cosmetics Act enforcement to suits by the United States); see also In re Orthopedic Bone Screw Products Liability Litigation, 159 F.3d 817, 824 (3d Cir. 1998) ("It is . . . well established that Congress has not created an express or implied private cause of action for violations of the FDCA . . . ."))  Malpractice or negligence claims cannot be brought in this court unless plaintiff attempts to invoke the court's diversity jurisdiction, but as with her previous cases, plaintiff has made no attempt to show that diversity jurisdiction applies by indicating that all defendants are citizens of states other than the one of which she is a citizen and that she is asking for more than $75,000 in damages.

The few complaints that do not seem to involve claims regarding her medication fare no better.  In case no. 12-cv-315-bbc, plaintiff states that the United States Social Security Administration is discriminating against her, but alleges only that the "Administration is running out and they will have [to] pay 75,000 to each [individual] or they will have to train everyone for jobs elderly and disabled."  In case no. 12-cv-316-bbc, plaintiff attempts to bring civil rights claims against a "Judge Urban," but she alleges only that "Judge in Chicago messed up also."

Usually, I might ask plaintiff to submit amended complaints that comply with Fed. R. Civ. P. 8, which requires that a complaint include "a short and plain statement of the claim showing that the pleader is entitled to relief," or ask her to include further facts

8

indicating that diversity jurisdiction applies to the negligence claims that she seems to be trying to bring.  However, when I tried that approach in her previous cases, plaintiff failed repeatedly to accomplish these tasks even after she was prompted by the court.  Plaintiff's continued attempts to file federal lawsuits that do not contain any actionable claims are consuming court resources that could be directed to cases that do state actionable claims.

Accordingly, I will immediately dismiss these actions without prejudice, without giving plaintiff an opportunity to amend her complaints.  In an effort to avoid further waste of judicial resources, I am directing the clerk of court to route directly to chambers without docketing any further pleadings plaintiff files in this court.  If the pleading is comprehensible and appears to raise claims that can be heard in this court, I will return it to the clerk's office with instructions to open a new case file.  If the pleading suffers from the same problems as plaintiff's other recent complaints, the pleading will be placed in a miscellaneous file and given no further consideration.


ORDER

IT IS ORDERED that

1. Plaintiff Christine Porter's motion for my recusal, raised in case no. 12-cv-119-bbc dkt. #5, and applied to all of the cases she filed subsequently,  is GRANTED with respect to her claim against me in case no. 12-cv-277-bbc; that claim is SEVERED and placed into

a new lawsuit, case no. 12-cv-331-wmc.

    2.  Plaintiff's motion for recusal is DENIED with respect to the following cases:  12-cv-119-bbc, 12-cv-191-bbc, 12-cv-224-bbc, 12-cv-276-bbc, 12-cv-277-bbc, 12-cv-278-bbc, 12-cv-308-bbc, 12-cv-309-bbc, 12-cv-310-bbc, 12-cv-315-bbc, 12-cv-316-bbc and 12-cv-317-bbc, which are DISMISSED.  The clerk of court is directed to close each of these cases.

    3.  If plaintiff files any new complaints, the clerk of court is directed to send them directly to chambers for review, as explained above.

    Entered this 9th day of May, 2012.

                  BY THE COURT:
                  /s/
                  BARBARA B. CRABB
                  District Judge